## BALTIMORE ACCEPTANCE CORPORATION v. ZOLLER.

### In re DORSEY & MILLER CO.

(Circuit Court of Appeals, Fourth Circuit. October 19, 1926.)

No. 2487.

Bankruptcy &=>165(4)—$2,500, previously loaned bankrupt and included in later $10,000 loan within four months preceding bankruptcy held not a preference, where security for $10,000 was worth only $4,000.

Where security for $10,000 loan to bankrupt within four months preceding bankruptcy included $2,500 then owing and secured by unrecorded chattel mortgage, trustee may not recover $2,500 as preferential payment, particularly since security on $10,000 loan was worth only $4,000.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Action by Henry Zoller, Jr., trustee of the Dorsey & Miller Company, bankrupt, against the Baltimore Acceptance Corporation. Judgment for plaintiff, and defendant brings error. Reversed.

James Thomas, of Baltimore, Md. (Knapp, Tucker & Thomas, of Baltimore, Md., on the brief), for plaintiff in error.

John Henry Skeen, of Baltimore, Md. (Reuben Foster and Emory, Beeuwkes & Skeen, all of Baltimore, Md., on the brief), for defendant in error.

Before WADDILL, ROSE and PARKER, Circuit Judges.

ROSE, Circuit Judge. The Baltimore Acceptance Corporation, the plaintiff in er-

ror, was defendant below, and will be so styled here. The defendant in error, Henry Zoller, Jr., as trustee for the Dorsey & Miller Company, a bankrupt corporation, was plaintiff below. He will be called the trustee, and the bankrupt will be referred to as such. He sought to recover from the defendant the sum of $2,500, which he says was preferentially paid it by the bankrupt within four months next preceding the filing of the involuntary petition against it.

In view of the verdict of the jury, it must now be held that, at the time the payment is said to have been made, the bankrupt was insolvent, and the defendant had reasonable cause to believe that anything it then received on account of a pre-existing indebtedness would be a preference. On the 29th of September, 1923, and more than four months before the filing on February 19, 1924, of the petition for adjudication, the bankrupt borrowed $2,500 from the defendant, and to secure its repayment gave a chattel mortgage, which was duly executed and delivered, but was never recorded. About six weeks later, on November 10, which was less than four months before the institution of the proceedings in bankruptcy, the bankrupt, having need of $7,500, again sought the assistance of the defendant. It was agreed that the defendant should lend it in all $10,000, taking a new chattel mortgage for that amount upon the property covered by the former mortgage. It was part of the understanding that $2,500 of this new loan was to be applied to the extinguishment of the old. Thereupon the unrecorded mortgage was canceled, the note secured by it marked paid, and the bankrupt received $7,500 of new money, $500 of which it applied to its pay roll, and the remaining $7,000 it gave to a banking creditor then pressing it for cash. In the argument at our bar it was stated that the trustee had recovered this $7,000 as a voidable preference from the bank which received it. The property covered by the new mortgage, which was duly recorded, has been sold by the trustee and brought $4,000.

In the instant case the trustee obtained a judgment below against the defendant for the $2,500, said to have been paid the latter when the old mortgage was canceled and the new one given. We shall not follow the parties in their learned discussion as to whether the first or unrecorded mortgage was, as against the trustee, altogether void, and in that connection what is the effect of what we held in Millikin v. Second National Bank, 206 F. 14, 124 C. C. A. 148, of the various decisions of the Court of Appeals of Maryland there cited, and of the subsequently decided case of Roberts v. Robinson, 141 Md. 37, 118 A. 198. We do not believe that in any substantial sense the bankrupt within the four months period paid $2,500 or any other sum to the defendant. It is true that for bookkeeping convenience the transaction, which was in its essence an increase of a loan of $2,500 to one of $10,000, was given the form of a payment of the $2,500 and a new loan of $10,000; but we do not think that the substantial rights of the parties can in the circumstances of this case be made to depend upon such purely modal matters. It is true that only $7,500, of the $10,000 to secure which the recorded mortgage was given, represented then present consideration; but that is unimportant here, because the mortgaged property turned out to be worth only $4,000, or not much more than half the defendant at the time advanced upon it.

We are dealing only with the facts of the case before us. We do not say that the form which the parties give to their transactions may not often be decisive of their rights. In re Waite (D. C.) 223 F. 853, 857. But we are satisfied that it is not so in the present instance. The learned court below erred in refusing the request of the defendant for an instructed verdict.

Reversed.